UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

VAZGEN SHAHBAZYAN,

Petitioner,

v.

CHRISTOPHER LaROSE; JESUS ROCHA; TODD M. LYONS; MARKWAYNE MULLIN; and TODD BLANCHE,

Respondents.

Case No.: 3:26-cv-6122-JES-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Vazgen Shahabzyan's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return to the petition. ECF No. 4.

Petitioner is a native of Armenia who came to the United States on October 28, 2021. ECF No. 1 at 5. He presented himself at the San Ysidro Port of Entry, and was paroled into the United States at that time under humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.* at 5-6. He subsequently filed an affirmative asylum application on October 18, 2022. *Id.* at 6. Respondents initiated removal proceedings against him on December 1, 2022, issuing a Notice to Appear. *Id.*

Even after his removal proceedings were initiated, Petitioner was never detained. Since his parole in 2021, he resided openly in Glendale, California. *Id.* He was issued an employment authorization document ("EAD") that is valid through May 14, 2030, and was employed as a chef and as a Lyft driver. *Id.* He alleges that he is the only breadwinner for his family and children. *Id.*

On October 16, 2026, Petitioner was detained at the gate of Camp Pendleton Marine Base after dropping off a Lyft passenger. *Id.* Petitioner was transferred to a holding facility in San Diego, and then to Otay Mesa Detention Center, where he currently remains detained. *Id.* at 7-8. Petitioner alleges that he was never shown a warrant for the detention, and that he was never given any notice that his parole had been terminated or any chance to contest his detention. *Id.* at 8.

In their return, Respondents acknowledge that Petitioner had previously been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). ECF No. 4 at 2. Respondents further state that they do not oppose the petition and "defer to the Court as to the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner was previously released by the government in October 2021. Many courts, including this one, have repeatedly held that a prior grant of release, including humanitarian parole, raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Mohammadi v. Larose*, No. 3:25-CV-3450-JES-BJW, 2025 WL 3731737, at *3 (S.D. Cal. Dec. 26, 2025); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained.

//

The Parties are **ORDERED** to file a Joint Status Report by **<u>November 6, 2026</u>**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: November 2, 2026

Honorable James E. Simmons Jr.
United States District Judge